CASE No. 1020.

## CITY OF CHARLESTON v. BLOHME.

1. While there is no warranty at a judicial sale, the rule of *caveat emptor* does not apply to the same extent as to sales under execution.
2. One desiring to purchase land at a foreclosure sale, examined the records and found a prior mortgage marked satisfied; she then became the purchaser, but afterwards learning that the entry of satisfaction was a forgery and that the prior mortgage was still open, refused to comply with her bid. Upon rule to show cause—*Held*, that she could not be compelled to comply, unless the validity of the title was established under proper proceedings instituted for that purpose.

Before PRESSLEY, J., Charleston, April, 1880.

This case, brought up on appeal under the title of City Council of Charleston *v.* Dorothea Blohme, was a rule upon Mrs. Blohme to show cause why she had not complied with her bid of $2500 for a lot of land in the city of Charleston, purchased in October, 1879, under a decree of foreclosure rendered in the case of City Council of Charleston *v.* Mary A. Ryan. She made return as stated in the opinion, the prior mortgage having been given to secure a bond for $3500, dated September 17th, 1866. The Circuit judge discharged the purchaser, as stated in the opinion, saying that it had been the practice in Charleston for forty years and doubtless longer, to allow purchasers at such sale a reasonable time to examine titles and to make objections; and the objections, if valid, were always allowed. Plaintiff appealed.

*Mr. G. D. Bryan*, for appellant, cited 9 *S. C.* 197; *Jones on Mort.*, § 1646; 93 *U. S.* 424; *Bank* v. *Vidal*, Charleston, January, 1839, by Chancellor Harper—MSS. Decree Bk. 131.

*Mr. J. Ancrum Simons*, contra, cited, *Rorer on Jud. Sales*, §§ 1–68, 155, 190; 2 *Jones on Mort.*, §§ 1608, 1645; 9 *S. C.* 287; 2 *Daniell's Ch. Pl. & Pr.* *1276; *Thomas on Mort.* 358; 8 *How.*

548; 63 *N. Y.* 268; 7 *Paige* 550; 45 *N. Y.* 234; 6 *Bush* 553; 2 *Sandf. Ch.* 533; 2 *McC.* 167; 13 *S. C.* 212.

April 11th, 1881. The opinion of the court was delivered by

McIVER, A. J. Under proper proceedings to foreclose a mortgage, a certain house and lot in the city of Charleston was offered for sale by the master and bid off by the respondent. She declined to comply with the terms of sale, and a rule was issued requiring her to show cause why she should not be required to comply. In the return to the rule the respondent stated that after she had bid off the property she was informed that a prior mortgage on the property, upon the record of which there was an endorsement of satisfaction, had not, in fact been satisfied, and was still a lien upon the property; the allegation being that the entry of satisfaction on the record, though purporting to be signed by the mortgagee, was a forgery. This return was supported by an affidavit of the person whose signature to the endorsement of satisfaction was alleged to have been forged.

The Circuit judge discharged the rule and ordered that respondent "be discharged from her said purchase unless proceedings be instituted, with proper parties, to test the validity of the title."

From this decision the plaintiff appeals, upon the ground "that the rule of *caveat emptor* applies to judicial sales under foreclosure of mortgages."

While it is true that there is no warranty at a judicial sale, (*Commissioner* v. *Thompson*, 4 *McC.* 434; *Mitchell* v. *Pinckney*, 13 *S. C.* 203,) it is equally true that at such sales the rule of *caveat emptor* does not apply, (*Tunno* v. *Fludd*, 1 *McC.* 121; *Commissioner* v. *Smith*, 9 *Rich.* 515; *Bolivar* v. *Zeigler*, 9 *S. C.* 287,) at least not to the extent which it does at sales under execution. At a sale under execution the sheriff only sells the interest of the defendant in execution, whether it be much or little, or whether it be anything at all, but at a judicial sale the court orders and the officer sells the property which is the subject matter of the suit; and the interest of all parties to the action, but none others, are concluded by such sale. Hence, under an action for the foreclosure of a mortgage of real estate, which is

covered by prior or by subsequent mortgages, the holders of which are not made parties, the property which is the subject matter of the suit—the thing sold—is, in the one case, the equity of redemption, and in the other is the mortgaged property, subject to the right of the subsequent encumbrancers to redeem. If, therefore, these encumbrancers are not made parties, the purchaser at such sale takes the property subject to the lien of the prior mortgage, or subject to the right of the junior mortgagees to redeem, provided he has notice, either actual or constructive, of such encumbrances.

Still, while there is no warranty at a judicial sale, yet if, when the purchaser is sued for the purchase money he can show that at the sale there were misrepresentations as to the thing sold, whether willful or not, he may set up such misrepresentations as a defence to the action. *State* v. *Gaillard*, 2 *Bay* 11; *Means* v. *Brickell*, 2 *Hill* 657; *Adams* v. *Kibler*, 7 *S. C.* 58; *Mitchell* v. *Pinckney*, 13 *S. C.* 203.

The real question, however, in this case is, not whether the purchaser at a judicial sale can set up defects in the title, or encumbrances upon the thing sold, as a defence to an action for the purchase money, but whether one who has bid off property at such a sale will be compelled by the court to complete the contract of sale and accept a title to property encumbered by a prior mortgage, when the records showed at the time of the sale that such encumbrance had been removed.

Even in Rorer on Judicial Sales, where the rule of *caveat emptor* is applied to such sales much more vigorously than in this state, it is said in Section 150 that a purchaser at a judicial sale cannot be compelled to complete the sale if the title be defective, and the defect be discovered before the sale is consummated, "and, therefore, if a rule be made against him with a view to enforcing compliance with his bid, he may, on appearance thereto, have an order of reference to inquire into and report the state of the title to the property, and if the title prove to be doubtful and incurably defective, he will not be coerced into completion of the purchase." So, in 2 *Jones on Mort.*, § 1645, it is said: "If there be a defect in the title, unknown to the purchaser at the time of the sale, the court will not ordinarily compel him to

take a deed and complete the purchase." Again, in Section 1648, this author says: " While the purchaser under a judicial sale submits himself to the jurisdiction of the court and may be compelled to carry out his contract, he is also entitled to the protection of the court in respect to the avoidance of the purchase, if, by reason of imperfection in the title or otherwise, he is freed from his agreement. He may apply for a reference to inquire into the title. * * * If the report be against the title, the purchaser may move to be discharged and for a return of his deposit and for costs." And again, in Section 1651 : " Judicial sales must be conducted with the utmost fairness and * * * it will be set aside where the purchaser thought he was buying an absolute title to the land and not one subject to the first mortgage." If, however, the purchaser, at the time of the sale, knows of the defects in the title, or has the means of knowing of them, and fails to avail himself of such means, he cannot, afterwards, refuse to comply upon the ground of such defects. 2 *Jones on Mort.*, § 1646.

Applying these principles to the case under consideration, we think it clear that the Circuit judge was not in error in discharging the rule. The purchaser had a right to suppose from an examination of the records, and the respondent says under oath that she did suppose that the property was free from any encumbrance, and if, afterwards, it was made to appear that a prior mortgage, which appeared upon the records to be satisfied, was not, in fact, satisfied, it is manifest that the purchaser was misled by a resort to the very source of information to which the law invited her to look, and made her bid under a misapprehension induced by the misrepresentations spread upon the record. In such a case there is no ground upon which the powers of a Court of Equity could be invoked to compel her to complete the purchase, but, on the contrary, it would be altogether inequitable to require her to do so.

The judgment of the Circuit Court is affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.